CLOSED

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:22−mj−01155−TAM All Defendants

Case title: USA v. Iakovou

Date Filed: 10/26/2022

Date Terminated: 10/26/2022

---

Assigned to: Magistrate Judge
Taryn A. Merkl

**Defendant (1)**

| | | |
|---|---|---|
| **George Iakovou**<br>*TERMINATED: 10/26/2022* | represented by | **Ira Lee Sorkin**<br>Mintz and Gold LLP<br>600 Third Ave<br>25th Floor<br>New York, NY 10016<br>212−696−4848<br>Email: sorkin@mintzandgold.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Retained |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18:1343.F | |

---

**Plaintiff**

**USA**                     represented by   **Irisa Chen**
                                             Edny−USAO
                                             271−A Cadman Plaza East
                                             Brooklyn, NY 11201
                                             718−254−6124
                                             Email: irisa.chen@usdoj.gov
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: Government Attorney*

| Date Filed | # | Select<br>all / clear | Docket Text |
|---|---|---|---|
| 10/26/2022 | 1 | RULE 5 AFFIDAVIT/REMOVAL TO THE MIDDLE DISTRICT OF GEORGIA by USA as to George Iakovou (FC) (Entered: 10/27/2022) | |
| 10/26/2022 | | Arrest (Rule 5) of George Iakovou (FC) (Entered: 10/27/2022) | |
| 10/26/2022 | | Minute Entry for proceedings held before Magistrate Judge Taryn A. Merkl:Arraignment as to George Iakovou (1) Count Complaint held on 10/26/2022, Initial Appearance in Rule 5(c)(3) Proceedings as to George Iakovou held on 10/26/2022. AUSA Irisa Chen present. Dft present w/ret counsel Ira Sorkin. Removal proceeding to the Middle District of Georgia hearing held. Dft waived identity hearing. Dfse counsel & govt agree on a $1,500,000 bond with 2 sureties & 1 property. 2 sureties sworn, advised of the bond obligations and signed the bond. Dft advised of the bond conditions and signed the bond. Dft released on $1,500,000 bond. Rule 5f warnings given to the govt. (FTR Log # 10/26/22 4:09−4:41.) (FC) (Entered: 10/27/2022) | |
| 10/26/2022 | 2 | ORDER Setting Conditions of Release as to George Iakovou (1) $1,500,000. Ordered by Magistrate Judge Taryn A. Merkl on 10/26/2022. (FC) (Entered: 10/27/2022) | |
| 10/26/2022 | 3 | WAIVER of Rule 5(c)(3) Hearing by George Iakovou (FC) (Entered: 10/27/2022) | |
| 10/26/2022 | 4 | NOTICE OF ATTORNEY APPEARANCE: Ira Lee Sorkin appearing for George Iakovou (FC) (Entered: 10/27/2022) | |
| 10/26/2022 | 5 | ORDER: This order is entered pursuant to Federal Rule of Criminal Procedure 5(f) to confirm the prosecution's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations as to George Iakovou. Ordered by Magistrate Judge Taryn A. Merkl on 10/26/2022. (FC) (Entered: 10/27/2022) | |

AB:IC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA, | AFFIDAVIT IN SUPPORT OF REMOVAL TO THE MIDDLE DISTRICT OF GEORGIA |
| - against - | (Fed. R. Crim. P. 5) |
| GEORGE IAKOVOU, | |
| Defendant. | Case No. 22-MJ-1155 |

- - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

NICHOLAS OLIVER, being duly sworn, deposes and states that he is a Special Agent with the United States Secret Service ("USSS"), duly appointed according to law and acting as such.

On or about October 21, 2022, the United States District Court for the Middle District of Georgia issued an arrest warrant commanding the arrest of GEORGE IAKOVOU for violation of Title 18, United States Code, Section 1343 (wire fraud).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.     On or about October 21, 2022, the United States District Court for the Middle District of Georgia issued an arrest warrant commanding the arrest of GEORGE IAKOVOU pursuant to a criminal complaint (the "Complaint") for violation of Title 18, United

---

[1]     Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

States Code, Section 1343 (wire fraud) (the "Arrest Warrant"). A true and correct copy of the Arrest Warrant and Complaint is attached hereto as Exhibit A.

        2.      On October 25, 2022, IAKOVOU landed at John F. Kennedy International Airport in Queens, New York around 3:20 p.m. on American Airlines flight 105 from Heathrow Airport in London, United Kingdom. Customs flagged IAKOVOU's name as appearing on the Arrest Warrant. His full name and date of birth listed in the Arrest Warrant matched the full name and date of birth on his passport issued by the United States, his passport issued by Greece, and his New York driver's license that he carried. IAKOVOU also provided his name and address, which matched the name and address listed on the Arrest Warrant.

        3.      After confirming his identity, the USSS arrested IAKOVOU on the Arrest Warrant.

        4.      Based on the foregoing, I submit that there is probable cause to believe that the defendant is the GEORGE IAKOVOU wanted in the Middle District of Georgia.

2

WHEREFORE, your deponent respectfully requests that the defendant GEORGE

IAKOVOU be removed to the Middle District of Georgia so that he may be dealt with according

to law.

Nicholas Oliver
Special Agent
United States Secret Service

Sworn to before me this
26th day of October, 2022

HONORABLE TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

3

# Exhibit A

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  4: 22 MJ 157 |
| **GEORGE IAKOVOU** | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

FILED '22 OCT 21 AM11:14 USDC-CQ

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 30 2020 _____ in the county of _____ Muscogee _____ in the
_____ Middle _____ District of _____ Georgia _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 1343 | On or about November 30, 2020, in the Middle District of Georgia and elsewhere, defendant, GEORGE IAKOVOU, for the purpose of executing the scheme to defraud and obtaining money by fraudulent pretenses and representations,transmitted by means of wire communication in intertstate commerce signals, writings, and communications, that is, sent an e-mail originating in New York to a recipient, referred to by the initials G.D., located in Georgia |

This criminal complaint is based on these facts:

See affidavit

☑ Continued on the attached sheet.

s/ Joseph Andy Meeks
*Complainant's signature*

Joseph "Andy" Meeks, USSS Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone.                                    11:03 AM
                                              EDT

Date:  10/21/22

_____
*Judge's signature*

City and state:           Columbus, GA           Hon.Stephen Hyles, United States Magistrate Judge
                                              *Printed name and title*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:22-MJ-_157____ |
| | ) | |
| GEORGE IAKOVOU | ) | **Filed under seal** |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Joseph Meeks, being first duly sworn, hereby depose and state that the following is true and correct to the best of my knowledge and belief:

### INTRODUCTION

1.      I am a Special Agent with the United States Secret Service ("Secret Service" or "USSS") and have been so employed since February 2002. During my tenure with the Secret Service, I have been assigned to investigate violations of federal laws, including violations of Title 18 of the United States Code, and specifically those related to the passing of counterfeit United States currency and fraud. I received criminal investigative training at the Federal Law Enforcement Training Center in Glynco, Georgia, and at the James J. Rowley Secret Service Training Center in Beltsville, Maryland, pertaining to criminal investigations of counterfeit currency, bank fraud, money laundering, wire fraud, access device fraud, and identity theft.

2.      As a Secret Service agent, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. During my time as a Special Agent, I have participated in investigations into and received

training regarding wire fraud, bank fraud, and money laundering schemes. I have participated in the execution of search warrants of premises, including those involving electronic evidence. Through my training and experience, I have become familiar with the manner in which people use technology to commit crimes and the law enforcement techniques that can be used to investigate and disrupt such activity.

3.      I am familiar with the facts and circumstances set forth below from my personal participation in the investigation, from my review of the investigative file and from reports of other law enforcement officers involved in the investigation, and my training, experience, and advice received concerning the use of computers in criminal activity and the forensic analysis of electronically stored information ("ESI"). Unless specifically indicated, all conversations and statements described in this affidavit are related in sum and substance and in part only. This affidavit is intended to show only that there is probable cause for securing a complaint and does not set forth all of my knowledge about this matter.

4.      I am submitting this affidavit in support of a Criminal Complaint for George Iakovou. As will be shown below, there is probable cause to believe IAKOVOU committed the crime of Wire Fraud, in violation of Title 18, United States Code, Section 1343.

## APPLICABLE STATUTE

5.      According to Title 18, United States Code, Section 1343, it is unlawful to devise any scheme or artifice to defraud, or obtain money or property by means of false or fraudulent pretenses, representation, or promises, by transmitting or causing to be transmitted by means of wire in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

## PROBABLE CAUSE

2

6. On or about, July 8, 2021, the USSS, Albany Resident Office received a report of a fraud scheme ("Scheme") involving pre-IPO investments in various early and late-stage private companies through Vika Ventures, LLC, with a company address of 85 Broad Street, New York, New York.

7. The Scheme entailed Vika Ventures LLC receiving capital from investors for the purposes of purchasing pre-IPO shares of stock in specific private companies. Once the private companies went public, and a mandatory six-month lockout period expired, Vika Ventures LLC was to deliver the purchased shares to its investors.

8. According to its company website, www.Vika-Ventures.com, Vika Ventures LLC purports to be a premier boutique venture capital firm that specializes in pre-IPO investments and the private equity market. Their primary investment objective is to make venture capital and growth investments in various early and late-stage private companies. The focus of their fund is on investing in pivotal technologies, including digital media, social media, clean tech, life science industries, and artificial intelligence.

9. A public records search of LinkedIn revealed that George Iakovou and Penelope Zbravos represented themselves as the Chief Executive Officer and Finance Manager, respectively, for Vika Ventures LLC.

10. Based on my conversations with victims, my review of electronic communications, and review of bank records, I am aware that victims wishing to purchase pre-IPO shares through Vika Ventures received an email from IAKOVOU from "giakovou@vika-ventures.com" that included documents for them to review, or sign and return.

11. In the documents were instructions for them to send their investment funds to the

3

following bank account ("INVESTOR ACCOUNT").

| | |
|---|---|
| Bank Name: | JP Morgan Chase Bank |
| ABA#: | 021000021 |
| Account Name: | Vika Ventures LLC |
| | 85 Broad St., FL 30 |
| | New York, NY 10004 |
| Account Number: | XXXXX8288 |
| SWIFT/IBAN: | USD CHASUS33 |

12. For example, based on my conversations with a victim ("Victim-1") and records provided by Victim-1, I am aware that:

      a.    Victim-1 is a resident of Columbus, Muscogee County, Georgia, which is a place situated in the Middle District of Georgia.

      b.    On November 30, 2020, Victim-1 received an email ("Email-1"), purportedly from IAKOVOU, from "giakovou@vika-ventures.com" in regard to Victim-1's interest in purchasing pre-IPO shares of Airbnb at thirty-five dollars ($35.00) per share. The email included documents for Victim-1 to review or sign & return. Included in the documents sent to Victim-1 were instructions for Victim-1 to send their investment funds to the INVESTOR ACCOUNT

      c.    On December 9, 2020, Victim-1 wired thirty-five thousand and 00/100 dollars ($35,000.00) to the INVESTOR ACCOUNT for one thousand (1,000) shares of Airbnb.

      d.    On December 12, 2020, Victim-1 received an email (purportedly from

4

IAKOVOU) from giakovou@vika-ventures.com with a Buy Confirmation Letter attached that stated, "Your total capital contribution of $35,000.00 received on December 9th, 2020, constitutes a 100% membership interest in Series E-8 of the company. Series E-8 currently holds 1000 shares of common stock for Airbnb, through an affiliate of the Company. There have been 0% fees deducted on this transaction and your capital contribution is $35,000.00, which has been applied to an investment in 1000 underlying shares of Airbnb at a purchase price equivalent to $35 per share. The fee breakdown is as follows: 1% expense fee, 2% management fee, 2% due diligence fee.

e.      Airbnb went public on December 9, 2020, and its six-month lock out period expired on June 9, 2021. VICTIM #1 has not received any shares of Airbnb from Iakovou or others.

f.      Between on or about December 9, 2019 and March 29, 2021, Victim-1 sent six wire transfers to the INVESTOR ACOUNT, totaling approximately two hundred seventy-nine thousand and 00/100 dollars ($279,000.00).

13.      Over fifty (50) victims have been identified that have provided capital to Vika Ventures LLC between January 2, 2020, and May 18, 2021, for investment interests in pre-IPO shares including, but not limited to, Palantir, Airbnb, Coupang, SpaceX, and Stripe.

i.      Palantir went public on September 30, 2020, and the six-month lock out period expired on March 31, 2021.

ii.      Airbnb went public on December 9, 2020, and the six-month lock out

5

period expired on June 9, 2021.

    iii.    Coupang went public on March 11, 2021, and the six-month lock out period expired on September 11, 2021.

    iv.    The financial investment community anticipates Stripe will go public in 2021, but that SpaceX will wait until 2023, or later.

14.    Between January 2, 2020, and May 18, 2021, victims collectively sent approximately five million, six hundred thirty-nine thousand, five hundred five and 00/100 dollars ($5,639,505.00) to the INVESTOR ACCOUNT.

## Overview of IAKOVOU's Conduct and Finances

15.    Based on my participation in this investigation and my review of documents and records, to include bank; IP address information; my and other law enforcement officers' conversations with victims; and my training and experience, I am aware that, among other things, that:

    a.    IAKOVOU is the titled owner of multiple personal bank accounts in his name, as well as has opened businesses accounts to which he is the sole Authorized Signer. For example, on September 24, 2019, IAKOVOU opened Bank of America Account No. 483068570021 ("BOA Acct. XXXX0021"). BOA Acct. XXXX0021 is titled to IAKOVOU and IAKOVOU is the sole authorized signer to the account.

    b.    ZBRAVOS is the titled owner of multiple personal bank accounts in her name, as well as has opened businesses accounts to which she is the sole Authorized Signer. For example, on December 19, 2019, ZBRAVOS

6

opened JP Morgan Chase Bank account No. 588608288 in the name of Vika Ventures LLC ("INVESTOR ACCOUNT"). ZBRAVOS is listed as the sole authorized signor to the INVESTOPR ACCOUNT - IAKOVOU was added as a Member to the INVESTOR ACCOUNT on the same date.

c.  The INVESTOR ACCOUNT's initial deposit was a check ("OPENING CHECK"), drawn on BOA Acct. XXXX0021, pay to the order of Vika Ventures LLC, for three hundred thousand and 00/100 dollars ($300,000.00) and dated December 02, 2019.

d.  BOA Acct. XXXX0021's balance on December 02, 2019 was minus two thousand five hundred twenty-four and 00/100 dollars (-$2,524.00). Bank of America force closed the account on December 12, 2019.

e.  The OPENING CHECK used to open the INVESTOR ACCOUNT was returned on December 20, 2019 because BOA Acct. XXXX0021 had been closed at the time the OPENING CHECK was negotiated.

f.  Additionally, IAKOVOU is the titled owner and sole authorized signer of HSBC Checking Account No. 646056301 (ACCOUNT-1) - opened on or about June 20, 2020; HSBC Savings Account No. 646056344 (ACCOUNT-2), - opened on or about June 20, 2020 and HSBC Savings Account No. 705049400 (ACCOUNT-3) - opened on or about April 8, 2021 (collectively, the "IAKOVOU ACCOUNTS").

16.  Analysis of select emails that investors received (purportedly from IAKOVOU) from giakovou@vika-ventures.com which included documents for the investors to review, or sign and return, revealed that the emails originated from an IP address that was assigned to an account

7

in the name of George Iakovou, at the SUBJECT PREMISES.

17. A review of bank records revealed IAKOVOU and others routed the investors' money through a series of bank accounts they controlled; eventually funding their own personal bank accounts, and brokerage accounts. With the exception of the Named Defendant Properties listed in the Warrant of Arrest in Rem, issued by the Honorable Clay D. Land, United States District Court Judge, Middle District of Georgia on September 22, 2021, incorporated by reference herein, IAKOVOU and others used all, or most of, these funds for purposes other than the investments the victims believed they were making, including for their own benefit; as set forth in the examples below.

• For example, on January 28, 2021 victim(s) sent the INVESTOR ACCOUNT approximately two million, one hundred thousand and 00/100 dollars ($2,100,000).

• Continuing on the same date, the following transactions debited the INVESTOR ACCOUNT:

Six hundred ninety thousand and 00/100 dollars ($690,000.00) was wired to HSBC checking account no. 646056301 ("ACCOUNT-1") - titled to IAKOVOU. On the same date, six hundred ninety thousand and 00/100 dollars ($690,000.00) was wired from ACCOUNT-1 to HSBC savings account no. 646056344 ("ACCOUNT-2") – also titled to IAKOVOU. Between February 5, 2021 and March 1, 2021, ACCOUNT-2 was debited six hundred fifty-six thousand seventy-seven and 71/100 dollars ($656,077.71), funding the purchases of luxury time pieces, the purchase of an automobile, real-estate fees for a luxury residential apartment, as well as other personal expenditures.

18. Based upon the aforementioned facts, there is probable cause to believe that Vika

8

Ventures, LLC, George IAKOVOU and others committed Wire Fraud in violation of Title 18 of United States Code, Section 1343. The fraudulent scheme was executed, in part, by emails originating in New York to destinations in Georgia, which resulted in the transmission of payments made by wire from financial institutions in Georgia to the INVESTOR ACCOUNT - located in New York. IAKOVOU and Zbravos were integral participants of the fraud scheme, in that they represented themselves as officers of Vika-Ventures LLC and led the investors to believe that their investments would be applied towards the acquisition of pre-IPO shares of private companies. In fact, IAKOVOU and Zbravos used all, or most of, these funds for purposes other than the investments the victims believed they were making, including for their own benefit. The funds used to pay for luxury items, vehicles, and other personal expenditures were obtained by means of false or fraudulent pretenses.

## REQUEST FOR SEALING

19. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and complaint. I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the Internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

9

_s/Joseph Meeks_

Joseph "Andy" Meeks
Special Agent
U.S. Secret Service

_Pursuant to Federal Rule of Criminal Procedure 4.1, the contents of the present affidavit were telephonically sworn to me on_ ___OcT. 21_____, 2022.

@ 11:03 AM
EDT

Honorable Stephen Tyles
UNITED STATES MAGISTRATE JUDGE

10

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the

Middle District of Georgia  ▾

United States of America
v.

GEORGE IAKOVOU

)
)
)
)
)
)

Case No. 4·22 MJ 157

_Defendant_

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_   GEORGE IAKOVOU                                                      ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment         ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information    ☑ Complaint
☐ Probation Violation Petition       ☐ Supervised Release Violation Petition      ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:
  18 U.S.C. 1343 - Wire Fraud

Date:  10/21/22          @ 11:03 AM EDT

City and state: Columbus, GA.

_____
_Issuing officer's signature_

STEPHEN HYLES, USMJ
_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |
| Date: _____          _____<br>_Arresting officer's signature_<br><br>_____<br>_Printed name and title_ |

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: George Iakovou

Known aliases:

Last known residence: 50 West Street, Apartment 53B, New York, NY 10006

Prior addresses to which defendant/offender may still have ties: 7910 14th Avenue, Brooklyn, NY 11228;
408 E Madison Street, Kirklin, IN 46050

Last known employment: Vika Ventures LLC and Syren Capital

Last known telephone numbers: 929-288-0825

Place of birth: Greece

Date of birth: 06/26/1993

Social Security number: 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

Height: 5'11"      Weight: 220 lbs

Sex: Male      Race: White

Hair: BRN      Eyes: BRN

Scars, tattoos, other distinguishing marks: unkown insignia tattoo on wrist

History of violence, weapons, drug use: social media post in possession of a handgun

Known family, friends, and other associates *(name, relation, address, phone number)*: Saul Shalev, friend, 1538 E 4th St., Brookly, NY 11230

FBI number: N/A

Complete description of auto: N/A

Investigative agency and address: USSS, Albany GA Resident Office, 410 W. Broad St., Suite 410, Albany, GA 31701

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:
N/A

Date of last contact with pretrial services or probation officer *(if applicable)*: N/A

**United States District Court, Eastern District of New York**

| UNITED STATES OF AMERICA | **ORDER SETTING CONDITIONS OF RELEASE** |
|---|---|
| V. | **AND APPEARANCE BOND** |

George Iakovou , Defendant.

Case Number: 22 - 1155M

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or

[✓] Upon **Bond** executed by the defendant in the amount of $_____ , and
secured by [✓] financially responsible sureties listed below and/or [✓] collateral set forth below.   $1.5 million

## Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: [✓] New York City; [✓] Long Island, NY; [ ] New York State; [ ] New Jersey; [✓] MD GA _____ and travel to and from this Court and the permitted areas.

[✓] 2. The defendant must avoid all contact with the following persons or entities: Vika Ventures LLC or any alleged victims in the Complaint

[ ] 3. The defendant must avoid and not go to any of the following locations: _____.

[✓] 4. The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.

[✓] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
  [✓] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
  [✓] b. must report [✓] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.
  [✓] c. must undergo [✓] testing, [✓] evaluation and/or [✓] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
  [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
  [ ] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
    [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
    [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services,
    [ ] employment, [ ] school or training, [ ]other activities approved by Pretrial Services, [ ] _____
  [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.
  [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.

[✓] 6. Other Conditions: maintain residence with parents; defendant must refrain from investment trading on behalf of any other individuals.

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ 1.5 million and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court in the sum of $_____ ;
[✓] premises located at: 7910 14th Ave. Brooklyn, NY owned by Fresso & Emmanouil Pavlakis
[✓] I also agree to execute a confession of judgment, mortgage or lien  in form approved by the U.S. Attorney which shall be duly filed with the proper local and  state authorities on or before 11/4/22 .

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.   *Date*

Fresso Pavlakis , Surety   Address: _____

Emmanouil Pavlakis ,Surety   Address: _____

_____ , Surety   Address: _____

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

Signature of Defendant

Release of the Defendant is hereby ordered on October 26 , 20 22

_____ , US M J

Distribution:   Canary - Court   Pink - Pretrial Services   Goldenrod -Defendant

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate any federal, state or local law while on release.
(2)  The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3)  The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4)  The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5)  The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6)  If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7)  The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1.  If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3.  If defendant is subject to a location restriction program or location monitoring, defendant must:
    (a)  stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
    (b)  abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York  ▾

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  $22 - 1155M$ |
| George Iakovou | ) | |
| _Defendant_ | ) | Charging District's Case No.  $4:22 MJ 157$ |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the _(name of other court)_  Middle District of ~~Florida~~ Georgia.

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑    an identity hearing and production of the warrant.

☑    a preliminary hearing.

☐    a detention hearing.

☐    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:  10-26-22

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

Ira Lee Sorkin
_Printed name of defendant's attorney_

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

United States of America

        -v-

George Iakovou
Defendant.

**NOTICE OF APPEARANCE**

Docket Number : 4:22 MJ 157 (middle District of Georgia)

Judge :

Date : 10/26/22

**PLEASE NOTICE, that I have been RETAINED by** George Iakovou

the above named defendant.  I was admitted to practice in this district on _____1971_____ .

Signature : _Ira Lee Sorkin_

Print Name : Ira Lee Sorkin

Bar Code : 158884

Office Address : Mintz & Gold LLP

600 Third Avenue, 25ᵗʰ Floor, NY NY 10016

Telephone # : 212-696-4848/976-353-0207

\*\*\* **NOTICE TO ATTORNEY** \*\*\*

        \*\***Bar Code - The attorney's initials and last four digits of the social security number must appear on all pleading.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

GEORGE IAKOVOU,

Defendant(s).

22-MJ-1155

ORDER

---

TARYN A. MERKL, United States Magistrate Judge:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

---

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq.*

SO ORDERED.

Dated: OCTOBER 26, 2022
BROOKLYN, NEW YORK

_Taryn A. Merkl_
United States Magistrate Judge